United States District Court
Southern District of Texas
FILED
SEP 14 2021
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
September 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MANUEL TABARES CASTILLO | § <br> § <br> § |
| VS. | §    MISC. ACTION NO. 7:20-MC-945 <br> § <br> § |
| MAURO L. REYNA III, *et al.* | § <br> § |

## REPORT AND RECOMMENDATION

Plaintiff Manuel Tabares Castillo, a federal prisoner proceeding pro se, initiated this miscellaneous action by filing a self-titled "Civil Action Against Attorney and State Bar of Texas." (Docket No. 1.)[1] Plaintiff is serving a 120-month sentence after pleading guilty to possession with intent to distribute 1,307 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2. In his pleading, Plaintiff alleges that his attorney in his underlying criminal case rendered ineffective assistance of counsel by failing to file a requested notice of appeal. (*Id.* at 3.) As relief he requests—among other things—that his attorney be sanctioned. (*Id.* at 3-5.)

However, because of the nature of Plaintiff's allegations against his attorney, the undersigned informed him that his action may be recharacterized as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 2.) Plaintiff responded and now definitively asserts a single claim for relief; specifically, ineffective assistance of counsel based on his attorney's failure to perfect an appeal on his behalf. (Docket No. 3.) For the reasons discussed below, the undersigned recommends that Plaintiff's "Civil Action Against Attorney and State Bar

---

[1] Docket entry references are to the miscellaneous action, unless otherwise noted.

of Texas" be recharacterized as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and opened as a new civil action, and that this miscellaneous action be closed.

## I. BACKGROUND[2]

On February 24, 2011, Drug Enforcement Agency (DEA) agents received information from a cooperating individual that Plaintiff was operating a narcotics stash house in San Juan, Texas. Based on this information, agents from multiple law enforcement agencies initiated a search of the stash house. Upon announcing their presence, the "agents heard loud noises coming from the one-car garage." (Cr. Docket No. 83, at ¶ 9.) An official approached the side of the residence and "immediately observed a white truck parked next to the garage loaded with what appeared to be marijuana bundles wrapped in cellophane on the rear floorboard of said vehicle." (*Id.*)

"In the interest of officer safety and due to the exigent circumstances, [the agents performed] a protective sweep of the stash house." (*Id.* at ¶ 10.) During their protective sweep, Plaintiff and two other individuals were discovered hiding in the attic. In addition, after a search warrant was obtained, the agents discovered "174 bundles of marijuana wrapped in cellophane with an approximate gross weight of 1,308 kilograms," many of which were found in plain sight. (*Id.* at ¶ 13.)

On March 22, 2011, a two-count indictment was filed in the Southern District of Texas, McAllen Division, charging Plaintiff with the following: 1) conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Count One); and 2) possession with intent to distribute approximately 1,307

---

[2] Unless otherwise noted, the facts in this section are drawn principally from Plaintiff's Presentence Investigation Report (PSR). (*United States v. Tabares-Castillo*, 7:11-cr-399-1, Cr. Docket No. 83.)

kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count Two). Plaintiff ultimately pleaded guilty to Count Two pursuant to a plea agreement. (Cr. Docket No. 77.) After accepting Plaintiff's guilty plea, the District Court ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

Based on Plaintiff's current offense, his minimal criminal history, and the credit for acceptance of responsibility, the PSR found that his Guidelines sentencing range was 108 to 135 months. (*See* Cr. Docket No. 83, at ¶ 64.) After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), the Court sentenced Plaintiff to 120 months imprisonment,[3] which was the statutory mandatory minimum sentence.

Judgment was entered on December 2, 2011, and Plaintiff timely filed a direct appeal.[4] (*See* Cr. Docket Nos. 102, 104.) However, his appeal was dismissed "for want of prosecution." (*See* Cr. Docket No. 128.) Approximately four months after his appeal was dismissed, Plaintiff filed a § 2255 motion to vacate.[5] (Cr. Docket No. 140.) For reasons that are unclear, on December 29, 2014, Plaintiff voluntarily withdrew his first motion to vacate. (Cr. Docket No. 148.)

On June 9, 2020, over five years later, Plaintiff filed the pending "Civil Action Against Attorney and State Bar of Texas." (Docket No. 1.) As noted, Plaintiff alleges that his attorney in his underlying criminal case rendered ineffective assistance of counsel by failing to file a requested notice of appeal. (*Id.* at 3.) He explains that "[o]n 11-29-11,[6] Dora Cruz, a relative of [his] met Attorney Mauro L. Reyna III at his office in Penitas, TX and delivered on his behalf the sum of

---

[3] Plaintiff's release date from federal custody is on January 10, 2022.

[4] This direct appeal was apparently filed by Plaintiff's trial attorney, not Mr. Reyna.

[5] Plaintiff's first § 2255 motion to vacate was opened as a separate civil action. (*See Tabares-Castillo v. United States*, 7:12-cv-196.)

[6] This was about 11 days after sentencing.

3

$5000 in order for [Mr. Reyna] to file an appeal for Plaintiff in the 5th Cir. Court of Appeals." (*Id.* at 1.) However, Mr. Reyna did not file the appeal, and never returned Plaintiff's money. (*Id.*) According to Plaintiff, he also filed a grievance with the State Bar of Texas, which was unsuccessful. (*Id.* at 1-2.) As relief Plaintiff requests the return of his $5,000 and that Mr. Reyna be sanctioned and/or disbarred. (*Id.* at 3.)

However, because Plaintiff alleges that Mr. Reyna rendered constitutionally deficient performance by depriving him of his appellate rights, the undersigned informed him that his action may be recharacterized as a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Docket No. 2.) Pursuant to *Castro v. United States*, 540 U.S. 375, 382 (2003), Plaintiff was also warned "about the consequences of the recharacterization" and given thirty (30) days "to withdraw or amend the motion." (*See also* Docket No. 2.)

Plaintiff responded and now definitively asserts a single claim for relief; specifically, "ineffective assistance of counsel on appeal" based on Mr. Reyna's failure "to perfect an appeal to the Fifth Circuit" on his behalf. (Docket No. 3.) He also asserts that he is "entitled to equitable tolling based on the malfeasance of an officer of the Court." (*Id.*)

## II. ANALYSIS

"Generally, claims of ineffective assistance of counsel 'cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.'" *United States v. Munoz Flores*, 324 F. App'x 389, 389–90 (5th Cir. 2009) (quoting *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006)). "The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel." *Munoz Flores*, 324 F. App'x at 390 (citing *Massaro v. United States,* 538 U.S. 500, 503-04 (2003) ("The better-reasoned approach

4

is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255.")). "Claims of inadequate representation are resolved on direct appeal only in 'rare' cases where the record allows a fair evaluation of the claim's merits." *Munoz Flores*, 324 F. App'x at 390 (citing *United States v. Navejar,* 963 F.2d 732, 735 (5th Cir. 1992)).

Here, as noted, Plaintiff is now asserting a single claim of ineffective assistance of counsel as it relates to his appellate rights.[7] Such a claim involves factual issues that cannot be determined on the current record. Perhaps more importantly, "[s]uch factual issues are best resolved by the district court on § 2255 review." *Munoz Flores*, 324 F. App'x at 390 (citing *Massaro,* 538 U.S. at 505-06). The decision to recharacterize Plaintiff's civil action is without prejudice to Plaintiff "raising his ineffective assistance claim in a timely § 2255 proceeding."[8] *Munoz Flores*, 324 F. App'x at 390.

### III. CONCLUSION

---

[7] Local rules require that all lawyers who practice before the Southern District of Texas follow the Texas Disciplinary Rules of Professional Conduct, and that a violation of those rules "shall be grounds for disciplinary action." L. R. Appendix A 1(A) & (B) of the United States District Court for the Southern District of Texas. "In representing a client, a lawyer shall not [ ] neglect a legal matter entrusted to the lawyer [ ] or frequently fail to carry out completely the obligations that the lawyer owes to a client." *See* TEX. DISCIPLINARY RULES OF PRO. CONDUCT R. 1.01(b)(1) & (2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A. In addition, "[c]harges that any lawyer of this bar has engaged in conduct which might warrant disciplinary action shall be brought to the attention of the court by a writing addressed to the chief judge with a copy to the clerk of court." L. R. Appendix A 5(A) of the United States District Court for the Southern District of Texas. Plaintiff may also wish to consider whether it is appropriate to pursue relief in state court.

[8] The statute of limitations for a § 2255 habeas corpus motion is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, which establishes a one-year limitation period that typically runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, Plaintiff seemingly acknowledges that there may be a limitations issue because he argues that he entitled to equitable tolling. (Docket No. 1, at 3; Docket No. 3.) The undersigned expresses no opinion about the timeliness of Plaintiff raising his ineffective assistance of counsel claim.

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Civil Action Against Attorney and State Bar of Texas" (Docket No. 1) be recharacterized as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and opened as a new civil action, and that this miscellaneous action be closed. It is further recommended that Plaintiff be denied a certificate of appealability as unnecessary.[9]

## NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on September 14, 2021.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE

---

[9] The undersigned expresses no opinion about the merits of Plaintiff's sole ineffective assistance of counsel claim. As such, it is not subject to the COA requirement. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (A COA is required for "final orders that *dispose of the merits* of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention.") (emphasis added).